# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL A. GARY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-53 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH DUPONT, et al., | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Rafael A. Gary ("Plaintiff"), an inmate at the State Correctional Institution at Albion ("SCI-Albion"), initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2017. ECF No. 1. Plaintiff's motion to proceed *in forma pauperis* was granted on March 2, 2017, and his Complaint was docketed the same day. ECF Nos. 2, 3. In his Complaint, Plaintiff generally alleges that the Defendants violated his constitutional rights as secured by the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. ECF No. 3 ¶ 61. As Defendants, he names the following individuals: Hearing Examiner Joseph H. Dupont ("Dupont"); Superintendent Michael Clark ("Clark"); Deputy Superintendent Melinda Adams ("Adams"); Deputy Superintendent Carl Franz ("Franz"); Corrections Officer Michael Ivan ("Ivan"); Unit Manager Melanie Kosinski ("Kosinski"); Corrections Officer Earl Jones ("Jones"); Corrections Officer Howie Sissem ("Sissem"); and Hearing Examiner Szelewski ("Szelewski"). Id. ¶¶ 4-12.

Presently pending before the Court is Defendants' Motion for Summary Judgment (ECF No. 27) and Plaintiff's Motion to Amend Complaint (ECF No. 38). Each motion has been

1

responded to and is fully briefed. ECF Nos. 39, 40.[1]  For the reasons set forth below,

Defendants' motion will be granted and Plaintiff's motion will be denied.[2]

## I. Factual Background

In his Complaint, Plaintiff alleges that on March 7, 2016, an informant at SCI-Albion falsely accused Plaintiff of attempting to smuggle illegal drugs into the prison during a visit with his girlfriend. ECF No. 3 ¶ 14.  Plaintiff was subjected to various strip searches, cell searches, and urinalysis tests between March 7 and March 10, 2016, none of which produced any evidence of narcotics. Id. ¶¶ 14-15.  Nonetheless, Defendant Sissem placed Plaintiff in a dry cell, handcuffed him to a wall, and informed him that he would not be released until he gave "3 clean" defecations. Id. ¶ 15.  Plaintiff generally alleges that his time in the dry cell was uncomfortable, unsanitary, and otherwise inhumane. Id. ¶¶ 18-21.

On March 11, 2016, Sissem telephoned Plaintiff's fiancée, Christa Wilkins, in an attempt to "interrogate, intimidate, and force her to implicate plaintiff" in the alleged narcotics transfer. Id. ¶ 16.  When Wilkins denied any knowledge of the incident, Sissem informed her that she could never visit Plaintiff in prison again. Id.  Another visitor, Keith Gary, was also banned from visiting Plaintiff in prison, although the Complaint does not explain whether this ban stemmed from the same incident. Id. ¶ 17.

After being released from the dry cell, Plaintiff was placed in solitary confinement pending further investigation into the incident. Id. ¶ 22.  Defendants issued a series of misconducts and other disciplinary measures to justify Plaintiff's placement in solitary

---

[1] Plaintiff's motion for extension of time to file response (ECF No. 37) is granted.  The Court will accept Plaintiff's filing at ECF No. 40 as a timely response to the motion for summary judgment.
[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.  See ECF Nos. 5, 11.

confinement despite a lack of any evidence that he had violated prison policy. Id. ¶¶ 23-25. At a disciplinary hearing held on April 18, 2016, Szelewski found Plaintiff guilty of possessing or using a dangerous or controlled substance despite the lack of any "actual" evidence to support the charge. Id. ¶¶ 25, 46-47.

## II.     Standards of Review

### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

### 2. Motion for Summary Judgment

3

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Pursuant to Rule 56, the Court must enter summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in the that party's favor. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018).

### III. Analysis

Plaintiff asserts that Defendants' actions violated the "Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article 1 § 1, 9, 11 of the Constitution of the Commonwealth of Pennsylvania, as remediable pursuant to Title 42 U.S.C. § 1983." ECF No. 3 ¶ 61. In their motion for summary judgment, Defendants primarily object that Plaintiff has failed to administratively exhaust any of his claims. Alternatively, Defendants suggest that none of Plaintiff's allegations amount to a constitutional violation.

It is well-established that the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (the "PLRA"), requires a prisoner to exhaust any available administrative remedies before he may bring an action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the statute requires "proper exhaustion," meaning that a prisoner's completion of the administrative review process must also satisfy the applicable procedural rules

of the prison's grievance system.  Fennell v. Cambria County Prison, 607 Fed. Appx. 145, 149 (3d Cir. 2015).  A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court.  Id.  Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be pleaded and proven by defendants.  Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

The grievance system utilized in Pennsylvania's prison system requires inmates to satisfy a three-step grievance and appeals process.  See Grievance System Policy DC ADM-804; Smith v. Sec. of Pa. Dept. of Corrections, 2018 WL 279363, at *2 (W.D. Pa. Jan. 3, 2018).  First, the inmate must "legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to 'initial review.'"  Smith, 2018 WL 279363, at *2 (citing Spruill v. Gillis, 372 F.3d 218, 233 (3d Cir. 2004)).  Second, the initial review must be appealed to the Facility Administrator for a second level of review.  Id.  Finally, "the inmate is required to file an appeal to the Secretary's Office of Inmate Grievances and Appeals ("the Secretary's Office")."  Id.  All three stages of review must be completed before a grievance is deemed administratively exhausted for purposes of the PLRA.

A review of the summary judgment record reveals that Plaintiff filed two grievances related to the incidents at issue in this lawsuit.  The first, grievance number 644575, complained of the prison's decision to remove Keith Gary from his list of approved visitors.  ECF No. 30-3 at 4.  Plaintiff failed, however, to exhaust this grievance to final review.  See ECF No. 30-3 at 2; ECF No. 3-2 at 3.  Consequently, Defendants are entitled to summary judgment with respect to any allegations set forth in grievance 644575.  Smith, 2018 WL 279363, at *4 (granting summary judgment based on inmate's failure to properly appeal his grievance to final review).

5

With respect to grievance number 625097, the record reflects that Plaintiff exhausted this grievance to final review. See ECF No. 30-2 at 3.[3] However, the only incident addressed in that grievance is the phone call that Sissem placed to Wilkins for the purpose of inducing her to implicate Plaintiff in the drug smuggling incident. Plaintiff contends that this was an act of "harassment and intimidation" amounting to a "gross abuse of authority" and falling outside of "the scope of [Sissem's] professional conduct." Id. at 6. Despite Plaintiff's protestations, the alleged conduct does not amount to a violation of his constitutional rights. Even if Sissem did violate prison policy, it is axiomatic that a prison official's violation of a prison policy or code of professional conduct is not cognizable under § 1983. See, e.g., Real v. Huber, 2015 WL 13738830, at *18 (M.D. Pa. Nov. 17, 2015) (dismissing allegations based on violations of state prison regulations because "these regulations do not constitute federal law, and therefore such claims are not cognizable under 42 U.S.C. § 1983"); Bullard v. Scism, 449 Fed. Appx. 232, 235 (3d Cir. 2011) ("[E]ven if the [BOP's] regulations were violated, its violation is not actionable."); Faircloth v. Schwartz, 2014 WL 4466663, at *21 (D. Colo. Sept. 10, 2014) ("[Because] administrative regulations cannot create private causes of action outside the scope of substantive rights . . . [an inmate] has no right to enforce prison regulations through a private legal action, except to the extent that those regulations implicated constitutional rights"). Nor can Plaintiff assert a constitutional claim of his own based on misconduct directed towards Wilkins. Washington v. Grace, 445 Fed. Appx. 611, 616 (3d Cir. 2011) (noting that a litigant "may not 'rest a claim to relief on the legal rights or interests of third parties.'") (quoting Powers v. Ohio, 499 U.S. 400, 410 (1991)). As Plaintiff does not assert any other basis for relief as to

---

[3] According to the uncontested affidavit of Michael Bell, a Grievance Officer in the Secretary's Office of Inmate Grievances and Appeals ("the Secretary's Office"), grievance 625097 is the only grievance that Plaintiff has ever fully exhausted to final review. ECF No. 30-2 at 1-3.

this grievance number 625097, Defendants are entitled to summary judgment as to the allegations set forth therein.

In short, Plaintiff has failed to adduce any evidence to create a triable issue of material fact as to any of his claims. The allegations in the only fully exhausted grievance of record do not amount to a constitutional violation, and none of Plaintiff's remaining averments, including his allegation that he was incarcerated in an inhumane dry cell on the basis of a false charge, appear in any grievance, let alone one that has been appealed to final review. As such, summary judgment is warranted.

### IV. Leave to Amend

In response to Defendants' motion for summary judgment, Plaintiff requested leave to amend his complaint to add an additional claim of retaliation. ECF No. 38. The proposed amendment alleges that Sissem retaliated against Plaintiff because of Plaintiff's refusal to act as a prison snitch. ECF No. 38-1 at 1-2. The requested amendment is clearly futile for the same reasons articulated above, to wit, Plaintiff's failure to exhaust this claim to final review. Moreover, Defendants would clearly be prejudiced if forced to reengage in discovery and file a second motion for summary judgment at this belated stage in this litigation. See Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266-67 (3d Cir. 2008) (affirming district court's denial of leave to amend complaint where the request came after defendants filed a motion for summary judgment and where plaintiff failed to give any reasonable explanation for his delay). Plaintiff's request for leave to amend is denied.

### V. Conclusion

For all of the foregoing reasons, Defendants' motion for summary judgment (ECF No. 27) is GRANTED and Plaintiff's motion for leave to amend (ECF No. 38) is DENIED. An order of judgment pursuant to Rule 58 will be entered in favor of Defendants and against Plaintiff as to all claims. The Clerk is directed to mark this case closed.

/s/ Richard A. Lanzillo<br>RICHARD A. LANZILLO<br>United States Magistrate Judge

Dated: March 18, 2019